# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **RACHEL NAOMI GEBHARDT,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:21-CV-392-C-BK** |
| | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **DEFENDANT.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, now before the Court for findings and a recommended determination is *Defendant's Unopposed Motion to Reverse and Remand*. Doc. 25. For the reasons stated here, Defendant's motion should be **GRANTED**.

On February 24, 2021, Plaintiff filed her complaint seeking judicial review of the Commissioner's final administrative decision denying her application for disability benefits under the Social Security Act. Doc. 1. On October 27, 2021, Plaintiff filed her motion for summary judgment, Doc. 21, arguing the administrative law judge erred in rejecting "the opinions of the examining and non-examining physicians, who indicated [Plaintiff] was unable to perform the lifting and sitting necessary to perform sedentary work activity," Doc. 22 at 4, 9-15. After receiving an extension to file its cross motion for summary judgment, Doc. 24, Defendant filed instead its *Unopposed Motion to Reverse and Remand* under the fourth sentence of section 405(g) of the Act. Doc. 25 at 1-2; 42 U.S.C. § 405(g). Therein, Defendant concedes "remand for further proceedings is warranted." Doc. 25 at 1.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97-102 (1991), the United States Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). One of those, according to the fourth sentence of section 405(g), may be entered upon the pleadings and transcript of the record. 42 U.S.C. § 405(g). The Supreme Court has held that a remand for further administrative proceedings, like the remand requested in the motion *sub judice*, is a fourth sentence remand under section 405(g). *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

Having reviewed the record, the submissions of the parties, and the applicable law, it is recommended that *Defendant's Unopposed Motion to Reverse and Remand*, Doc. 25, be **GRANTED**, the Commissioner's decision be **REVERSED**, and the case be **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on April 19, 2022.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).